# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER VOLKERT, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 5:20-cv-02210 |
| VELOCITY INVESTMENTS, L.L.C., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes CHRISTOPHER VOLKERT ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of VELOCITY INVESTMENTS, L.L.C. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Ohio and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

### PARTIES

1

4. Plaintiff is a consumer over-the-age of 18 and a resident of Stark County, Ohio, which is within the Northern District of Ohio.

5. Defendant promotes that it "has more than a decade of experience using a comprehensive collection strategy to convert distressed receivables to cash."[1] Defendant is a limited liability company organized under the laws of the State of New Jersey and its principal place of business is located at 1800 NJ-34 #404a, Wall Township, New Jersey 07719. Defendant regularly collects from consumers in the State of Ohio.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon a defaulted credit card debt ("subject debt") that Plaintiff purportedly owed to The Bank of Missouri ("BOM").

8. The subject debt was allegedly incurred for the purchase of personal household goods and/or services.

9. Several months ago, Atlantic Recovery Solutions, LLC ("ARS") began contacting Plaintiff in order to collect upon the subject debt.

10. Plaintiff retained the undersigned attorney to represent him against ARS for its alleged violations of the FDCPA.

11. Thereafter, around the summer of 2020, Plaintiff and ARS reached a settlement agreement.

---

[1] https://velocityrecoveries.com/about-velocity/

2

12. The settlement agreement between Plaintiff and ARS included the following terms: "In addition ARS agrees to forgive and forever discharge any liability that Plaintiff has with regard to the account it was seeking collection on ("subject debt"). ARS agrees that it will not transfer the subject debt to any other party and will refrain from further collection activity. To the extent that ARS is reporting the subject debt to any credit reporting agencies, ARS will request a deletion of any trade-line associated with the subject consumer debt on or before August 15, 2020."

13. ARS acted with actual authority to agree to the terms referenced in paragraph 12.

14. Despite the terms of the aforementioned settlement agreement, Defendant purchased the subject debt in order to collect it from Plaintiff.

15. Upon information and belief, Defendant was aware of the terms of the settlement agreement when it purchased the subject debt.

16. Despite this information, on or around September 18, 2020, Defendant mailed or caused to be mailed a collection letter to Plaintiff in an attempt to collect upon the subject debt.

17. Defendant's collection letter caused Plaintiff to believe that the aforementioned settlement agreement had no legal effect.

18. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding his rights, resulting in expenses.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation, and emotional distress.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though full set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2);

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

28. Defendant violated §1692e, e(2), e(5), and e(10) when it used deceptive means to collect or attempt to collect upon the subject debt. Plaintiff no longer owed the subject debt by operation of the settlement agreement between Plaintiff and ARS. Upon information and belief, Defendant had actual knowledge of the terms of the settlement agreement between Plaintiff and ARS. Despite this information, Defendant proceeded to attempt to collect the subject debt from Plaintiff. Consequently, Defendant's actions only served to worry and confuse Plaintiff.

    b. **Violations of FDCPA § 1692f**

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated §1692f when it unfairly and unconscionably attempted to collect upon the subject debt. Any reasonable fact finder will conclude that Defendant acted unfairly and unconscionably when it attempted to collect upon a debt that is no longer owed by Plaintiff per the terms of the settlement agreement.

31. As pled in paragraphs 18 through 20, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, CHRISTOPHER VOLKERT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

a. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 30, 2020

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Northern District of Ohio
Sulaiman Law Group, Ltd.

5

2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com